In re Erna L. WALTER, Debtor.

No. 9:07–bk–06880–ALP.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Jan. 12, 2009.

Ann T. Frank, Ann T. Frank, PA, Richard J. Hollander, Miller & Hollander, Naples, FL, for Debtor.

*ORDER OVERRULING DEBTORS' OBJECTION TO CLAIM NO. 1–1 OF ECAST SETTLEMENT AND DENYING DEBTOR'S MOTION TO STRIKE PARAGRAPH 3 OF NOTICE OF CONVERSION OF CASE TO CHAPTER 13*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTERS under consideration in this converted Chapter 13 case of Erna L. Walter (the Debtor) is Debtor's Objection to Claim No. 1–1 of eCast Settlement (Doc. No 81), filed by Erna L. Walter (the Debtor) on September 19, 2008. The Debtor in her Objection to the claim filed by eCast Settlement Corporation (eCast Settlement) on May 9, 2008, contends that the claim is time barred and should be disallowed pursuant to 11 U.S.C. § 348, Effect of Conversion, and Fed. R. Bankr.P. 3002(c). In addition to the foregoing, the Debtor also filed her Motion to Strike Paragraph 3 of Notice of Conversion of Case to Chapter 13 (Doc. No. 90). In her Motion, the Debtor requests that this Court strike paragraph 3 of the Notice of Conversion on the basis that the claims bar date had been previously set as December 12, 2007, and all creditors had ample opportunity to timely file proofs of claim. And, based on the same, there is no basis to extend time to file proofs of claim pursuant to Fed. R. Bankr.P. 3002(c) or 9006(b)(3).

On August 3, 2007, the Debtor filed her Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code. On September 17, 2007, the Clerk of Court entered her Notice Fixing Deadline to File a Proof of Claim pursuant to Fed. R. Bankr.P. 3002(c)(5) in the instant case as a no asset case, and set the claims Bar Date as December 20, 2007 (Doc. No. 13). On January 31, 2008, the Debtor filed her Motion to Convert Case to Chapter 13 of the Bankruptcy Code (Doc. No. 55). On February 1, 2008, the Court entered its Order of Conversion from Chapter 7 to Chapter 13 (Doc. No. 56). On the same date, the Clerk of Court entered her Notice of Conversion of Case to Chapter 13 (Doc. No. 57). Pursuant to Fed. R. Bankr. P.2002(a), the Clerk gave notice of the meeting of creditors schedule by the United States Trustee pursuant to 11 U.S.C. § 341, for March 28, 2008 at 9:30 AM; the appointment of the standing Chapter 13 Trustee and set the deadline to file proof of claim as June 26, 2008 (Doc. No. 57). On May 9, 2008, eCast Settlement Corporation, assignee of Chase Bank, U.S.A., N.A., pursuant to the Noticed of Conversation, filed its proof of claim in the amount of $33,437.47.

At the duly scheduled hearing on the Debtor's Objection to eCast Settlement's claim and Debtor's Motion to Strike, this Court heard arguments of counsel for the Debtor and that of counsel for eCast Settlement and is satisfied that it is appropriate for this Court to overrule the Debtor's Objection on the basis that Fed. R. Bankr P. 3002(c) provides in pertinent part that, "a proof of claim is timely filed not later than 90 days after the first date set for the meeting of creditors called under § 341 of the Code." As noted above, the United States Trustee scheduled the meeting of creditors pursuant to Section 341 of the Bankruptcy Code for March 28, 2008, thus, Claim No. 1–1, filed by eCast Settlement on May 9, 2008, falls within the guidelines set forth by Rule 3003(c) and, therefore, shall be allowed as filed. Based on the foregoing, this Court is satisfied that the Debtor's Objection to Claim No. 1–1 of eCast Settlement should be overruled and the Debtor's Motion to Strike Paragraph 3 of Notice of Conversion of Case to Chapter 13 should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Debtor's Objection to Claim No. 1–1 of E–Cast Settlement (Doc. No 81), be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DE-CREED that Claim No. 1–1 of eCast Settlement Corporation, assignee of Chase U.S.A., N.A., be, and the same is hereby, allowed as filed.

ORDERED, ADJUDGED AND DE-CREED that Debtor's Motion to Strike Paragraph 3 of Notice of Conversion of Case to Chapter 13 (Doc. No. 90), be, and the same is hereby, denied.

DONE AND ORDERED.